UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LABORATORIOS PISA S.A. de C.V; AND CAB ENTERPRISES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>PEPSICO, Inc.; AND STOKELY-VAN CAMP, INC.,<br><br>Defendants. | Civ. Action No.: 7:21-CV-0062<br><br>**(JURY DEMAND)** |

**[PROPOSED] ORDER TO SHOW CAUSE FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon review of the Complaint of Plaintiffs Laboratorios Pisa S.A. de C.V ("Pisa") and CAB Enterprises, Inc. ("CAB") (collectively "Plaintiffs"), the memorandum of law submitted in support of this Order, and the accompanying declarations and exhibits, and for good cause shown, it is hereby:

ORDERED that Defendants show cause before this Court at _____ on the ___ day of _____, 2021 at __ o'clock _.m., or such other date as may be fixed by the Court, why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining the Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them, pending the final hearing and determination of this action from:

1. Manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale Gatorlyte in the trade dress depicted below (the "Gatorlyte Trade Dress") or any products infringing on the ELECTROLIT® trade dress (the "ELECTROLIT Trade Dress") depicted below, the ELECTROLIT® Marks as defined below (the "ELECTROLIT Marks"), or any trade dress or marks confusingly similar thereto.

a. The Gatorlyte Trade Dress is:



b. The ELECTROLIT Marks are:

| Mark | U.S. Reg. No. | Reg. Date |
|---|---|---|
| Electrolit (logo) | 4222726 | Oct. 9, 2012 |
| "ELECTROLIT" | 4833885 | Oct. 13, 2015 |
| Electrolit bottle design | 4717350 | Apr. 7, 2015 |
| Electrolit oval design | 4717232 | Apr. 7, 2015 |

2

c. The ELECTROLIT Trade Dress consists of, but is not limited to the packaging illustrated below:



2. Representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered or sold by Defendants are Plaintiffs' products or vice versa (including by mixing Gatorlyte products in ELECTROLIT branded display boxes, coolers, racks or other merchandising equipment or by mixing the products together on the same shelves, or by back-filling Gatorlyte products behind ELECTROLIT on shelves within the space reserved for Plaintiffs' products), and from otherwise acting in a way likely to cause confusion, mistake or deception on the part of purchasers or consumers as to the origin or sponsorship of such products;

3. Using any logo, trade name or trademark confusingly similar to any of the ELECTROLIT Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Pisa or CAB;

3

3. Infringing any of the ELECTROLIT Marks or ELECTROLIT Trade Dress;

4. Otherwise unfairly competing with Pisa or CAB in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of ELECTROLIT®;

5. Using any bottle, packaging, or advertising that is likely to dilute the distinctive quality of the ELECTROLIT Marks or ELECTROLIT Trade Dress;

6. Engaging in anticompetitive conduct, including but not limited to, conditioning the sale of Gatorade products on the sale of Gatorlyte, or requiring that distributors or resellers remove Electrolit products from circulation as a condition of purchasing Gatorade;

7. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above; and it is further

ORDERED, that pending further order of this Court, the Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall, upon service of this Order in the manner described below, be immediately temporarily restrained from:

1. Manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale any products in the Gatorlyte Trade Dress (as defined above) or any products that infringe the ELECTROLIT Marks (as defined above) or ELECTROLIT Trade Dress (as defined above);

2. Representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered or sold by Defendants are Plaintiffs' products or vice versa (including by mixing Gatorlyte products in ELECTROLIT branded display boxes, coolers, racks or other merchandising equipment or by mixing the products together on the same shelves, or by

4

back-filling Gatorlyte products behind ELECTROLIT on shelves within the space reserved for Plaintiffs' products), and from otherwise acting in a way likely to cause confusion, mistake or deception on the part of purchasers or consumers as to the origin or sponsorship of such products;

3. Using any logo, trade dress, or trade name or trademark confusingly similar to any of the ELECTROLIT Marks or ELECTROLIT Trade Dress which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the Restrained Parties or others are sponsored by, authorized by or in any way associated with Pisa or CAB;

4. Otherwise unfairly competing with Pisa or CAB in the manufacture, sale, offering for sale, distribution, advertisement, or any other use of ELECTROLIT®;

5. Using any bottle, packaging, or advertising that is likely to dilute the distinctive quality of the ELECTROLIT Marks or ELECTROLIT Trade Dress;

6. Engaging in anticompetitive conduct, including but not limited to, conditioning the sale of Gatorade products on the sale of Gatorlyte, or requiring that distributors or resellers remove Electrolit products from circulation as a condition of purchasing Gatorade;

7. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above; and it is further

ORDERED, that service of the Summons and Complaint and of this Order to Show Cause, together with copies of the papers in support thereof, shall be made within 3 business days of the undersigned date on the Defendants, by delivering true copies thereof to any person of suitable age found at Defendants' business addresses, and that such service be deemed sufficient service; and it is further

ORDERED, that Defendants and any Restrained Party recall from any and all channels of distribution, including but not limited to distribution and retailers, any and all infringing products and promotional materials for Gatorlyte within five (5) business days from the entry of this Order; and it is further

ORDERED, that within five (5) business days of the entry of this Order to Show Cause, Plaintiffs post an undertaking with the Clerk of the Court in the form of a bond, cash or check in the amount of $_____ as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Order to Show Cause, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account; and it is further

ORDERED, that Defendants shall file with the Court and serve upon Plaintiff's counsel within seven (7) days after entry of this Order a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the requirements of the temporary restraining order outlined herein; and it is further

ORDERED, that answering papers, if any, be filed by the Defendants with this Court and personally served upon Plaintiffs' counsel, Alston & Bird LLP, at their offices at 90 Park Avenue, New York, New York 10016, on or before _____, 2021, and reply papers shall be filed and served on or before _____, 2021; and it is further

ORDERED, that the Restrained Parties are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance and confirmation of the preliminary injunction, and that failure of the Restrained Parties to respond to the Order to Show Cause by _____ shall result in the automatic issuance of a preliminary

injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Restrained Parties shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by the Restrained Parties in violation of any of its terms may be considered and prosecuted as contempt of this Court.

Issued: February __, 2021 at __ o' clock __.m.         _____

                                                 UNITED STATES DISTRICT JUDGE