Paul Tanck
Greg Carbo
Neal McLaughlin
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400 / Fax: (212) 210-9444

Sam Bragg
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel: 214-922-3400 / Fax: 214-922-3899

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LABORATORIOS PISA S.A. de C.V; AND CAB ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PEPSICO, INC.; AND STOKELY-VAN CAMP, INC., <br><br> Defendants. | Civ. Action No.: 7:21-CV-0062 <br><br> **(JURY DEMAND)** |

### EMERGENCY MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION

1. PLEASE TAKE NOTICE that by and through their undersigned counsel, Plaintiffs hereby file their Emergency Motion seeking a hearing on their Motion requesting a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction and respectfully request that the Court set an emergency hearing on their motion **at the earliest possible time today, Monday, February 22, 2021**.

1

2.      After the Court issued its Temporary Restraining Order on Friday, February 19, 2021 (Dkt. 16, "TRO"), Defendants filed a motion to dissolve the TRO on Saturday, February 20, 2021 (Dkt. 18). Yesterday, February 21, 2021, Defendants filed an emergency petition for writ of mandamus to the Fifth Circuit seeking to stay the TRO. At approximately 10:20 p.m. last night, the Fifth Circuit issued an order granting the writ, directing this Court to stay the TRO "pending hearing and further order by the district court on the [P]laintiffs' motion for temporary restraining order." Exhibit 1, attached hereto. The Fifth Circuit did not issue any findings criticizing or otherwise commenting on this Court's well-reasoned TRO findings, including a "substantial likelihood of success on the merits" and a "substantial threat of immediate and irreparable harm to Plaintiffs." Dkt. 16 at pp. 7-8.

3.      By this motion, Plaintiffs seek the hearing ordered by the Fifth Circuit, and request that it be held at the earliest possible opportunity today to prevent any additional irreparable harm against Plaintiffs from occurring, which the TRO already correctly found was substantially likely to occur. Because the Court's TRO issued on Friday (and the Fifth Circuit's writ issued only minutes ago), the steps that Defendants must have taken over the weekend to comply with the Court's TRO should have prevented any additional irreparable harm from occurring up until the Fifth Circuit's ruling. Thus, by holding a hearing as early as possible today, any irreparable harm, or any further irreparable harm, suffered by Plaintiffs due to Defendants' delayed launch can be minimized. To this end, counsel for Defendants have been notified of this motion and have been asked to ensure that Defendants' steps taken toward compliance with the TRO (which was in force until a few minutes ago) be continued pending the hearing requested by this motion.

4.      The harm that Plaintiffs will bear if a hearing is not held promptly to enjoin Defendants' product launch is made clear by their submissions to this Court. In particular, Defendants have

threatened, first thing this morning, to unleash a flood of products into the marketplace, with a planned release of "3.6 million" products to "136,000 retailers." Dkt. 18-1 at ¶¶17-18. This would immediately expose millions of customers to products that this Court already rightly found to be confusingly similar to Plaintiffs' products and that would irreparably harm Plaintiffs.

5. Nothing has changed to mitigate that irreparable harm—it will happen today absent the Court's swift intervention, confirming the merits of what this Court already has found but doing so after conducting a hearing involving Defendants (per the Fifth Circuit's ruling). Plaintiffs request a telephonic or video conference hearing with the participation of Defendants' counsel so that the Court may issue the requested Preliminary Injunction, or at least confirm the TRO against them, in order to preserve the status quo and protect Plaintiffs from grave, irreparable harm. That status quo does not place confusingly similar Gatorlyte on retail shelves, and that status quo does not cause either Plaintiffs or Defendants additional irreparable harm.

6. A proposed order setting forth the relief requested is filed therewith.

Dated: February 22, 2021          Respectfully submitted,

By: *s/ Samuel P. Bragg*
Samuel P. Bragg, Attorney-in-Charge
Texas Bar No.: 24097413
S.D. Tex. Bar No.: 3395594
**ALSTON & BIRD LLP**
2200 Ross Avenue Suite 2300
Dallas, TX 75201
Tel: 214-922-3400 / Fax: 214-922-3899
sam.bragg@alston.com

Paul Tanck
New York Bar No.: 4298840
Greg Carbo
New York Bar No.: 4460101
Neal McLaughlin
New York Bar No.: 4732020
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Tel: 212-210-9400 / Fax: 212-210-9444
paul.tanck@alston.com
greg.carbo@alston.com
neal.mclaughlin@alston.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via CM/ECF and E-mail.

s/ Samuel P. Bragg
Samuel P. Bragg

4